**BY FAX**

1    SPEARHEAD LEGAL LLP
2    Andrew J. Fossum (Bar No. 250373)
     _andrew.fossum@spearheadlegal.com_
3    Ryan R. Owens (Bar No. 269370)
     _ryan.owens@spearheadlegal.com_
4    Kristopher M. Dawes (Bar No. 261170)
     _kris.dawes@spearheadlegal.com_
5    620 Newport Center Dr., Suite 1100
     Newport Beach, CA 92660
6    Telephone: (512) 253-2166
     Facsimile: (949) 409-8383
7

8

9    Attorneys for Plaintiff,
      RETAILMENOT, INC.
10

**FILED**

**FEB 07 2020**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

11

12                  **UNITED STATES DISTRICT COURT**

13                  **NORTHERN DISTRICT OF CALIFORNIA**

14

15   _IN RE_ SUBPOENA TO PAYPAL
      HOLDINGS, INC.
16
     Served in case:
17
     _RetailMeNot, Inc. v. Honey Science Corp.,_
18   Case No. 18-cv-937-CFC-MPT (D. Del.)

19

20

**CV20**    Misc. Case No.    **80041MISC**

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFF RETAILMENOT'S MOTION
TO COMPEL OUT OF DISTRICT
SUBPOENA AGAINST PAYPAL
HOLDINGS, INC.**

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................ 1

II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................ 2

   A.   RetailMeNot's Patent Suit Against Honey in Delaware ........................ 2

   B.   PayPal's Acquisition of Honey .......................................................... 2

   C.   RetailMeNot's Subpoena to PayPal ................................................... 3

   D.   RetailMeNot's First Conference with PayPal ..................................... 3

   E.   PayPal's Objections to the Document Subpoena ................................. 4

   F.   RetailMeNot's Second Conference with PayPal .................................. 4

   G.   PayPal's Commitment to Produce Documents .................................... 4

   H.   PayPal's Delays, Missed Deadline, and Failure to Respond ................. 4

   I.   PayPal's Limited Document Production and RetailMeNot's Response ... 5

III. LEGAL STANDARD ................................................................................... 6

IV.  ARGUMENT .............................................................................................. 7

   A.   The Discovery Sought Is Relevant .................................................... 8

   B.   PayPal Is Not Entitled to Pick Which Relevant Documents It Produces ........................... 10

   C.   The Discovery Sought Is Proportional to the Needs of the Case ......... 11

   D.   PayPal's Other Objections Lack Merit .............................................. 13

V.   CONCLUSION ......................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Court for the Dist. of Mont.,*
    408 F.3d 1142, 1149 (9th Cir. 2005)..................................................................14

*Fastek, LLC v. Steco,*
    No. 10-CV-0972-MMA-CAB, 2011 WL 4499101 (S.D. Cal. Sept. 27, 2011) ....................10

*Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.,*
    No. C 03-1431-SBA, 2008 WL 928539 (N.D. Cal. Apr. 4, 2008) ........................................10

*Johnson v. Starbucks Corp.,*
    No. 16-cv-00724-DMR, 2019 WL 402359 (N.D. Cal. Jan. 31, 2019) ..................................14

*Marshall v. The Billings Clinic,*
    Case No. CV-14-93-BLG-SPW-CSO, 2015 WL 7574758 (D. Mon. Nov. 25,
    2015) ..........................................................................................................................................10

*McMaster v. Spearman,*
    No. 1:10-CV-01407-AWI-SKO PC, 2014 WL 508677 (E.D. Cal. Feb. 6, 2014) .................7

*McNabb v. City of Overland Park,*
    Case No. 12-CV-2331, 2014 WL 1152958 (D. Kan. Mar. 21, 2014)....................................10

*Reddy v. Lowe's Cos., Inc.,*
    Case No. 13-cv-13016, 2014 WL 12644304 (D. Mass. Oct. 21, 2014)................................10

*Rogers v. Giurbino,*
    288 F.R.D. 469 (S.D. Cal. 2012)............................................................................................7

*Strand v. USANA Health Sciences, Inc.,*
    Case No. 2:17-cv-00925, 2019 WL 2745537 (D. Utah June 28, 2019)................................10

*Symantec Corp. v. Zscaler, Inc.,*
    No. 17-cv-04426-JST (TSH), 2019 WL 2288278 (N.D. Cal. May 29, 2019)..............8, 9, 11

*Total Rx Care, LLC v. Great N. Ins. Co.,*
    318 F.R.D. 587 (N.D. Tex. 2017) .....................................................................................7, 13

*Viasat, Inc. v. Space Systems/loral, Inc.,*
    No. 12-CV-0260-H-WVG, 2013 WL 12061801 (S.D. Cal. Jan. 14, 2013)..........................10

## STATUTES

Fed. R. Civ. P. 26(b)(1)................................................................................................................6, 9

Fed. R. Civ. P. 37...........................................................................................................................7

Fed. R. Civ. P. 45...................................................................................................................6, 7, 12

## OTHER AUTHORITIES

9A Charles Alan Wright et al.,
    Federal Practice and Procedure § 2452 (3d ed. 2019) ............................................................6

## I.    INTRODUCTION

RetailMeNot, Inc. ("RetailMeNot") moves this Court for an order compelling PayPal Holdings, Inc. ("PayPal") to comply with a Rule 45 subpoena served on PayPal on December 16, 2019. The requested documents are relevant to RetailMeNot's patent claims against Honey Science Corp. ("Honey") pending in the United States District Court for the District of Delaware. On November 20, 2019, PayPal announced that it had agreed to acquire Honey for *$4 billion*. The acquisition closed on January 6, 2020. Commensurate with the size of the acquisition, PayPal created and possesses substantial due diligence, analysis, and valuation documents relating to Honey, which are unquestionably relevant to RetailMeNot's patent damages.

After several weeks of conferences between counsel, PayPal committed to make a production of documents responsive to the subpoena. For three and a half weeks, PayPal repeatedly reaffirmed that it was in the process of collecting and reviewing documents for production. After this lengthy period of collection and review, PayPal produced *just 8 documents, totaling 404 pages and one native Excel spreadsheet*.

Based on the small handful documents produced, it appears that many responsive documents have been withheld, and PayPal has essentially admitted that is the case. Specifically, shortly before the production, PayPal confirmed to RetailMeNot that its production would be limited to what PayPal unilaterally determined was "sufficient to satisfy RMN's legitimate discovery needs." That is not permitted under the law.

A subpoena recipient is not entitled to pick and choose which documents are produced and unilaterally determine, applying an undisclosed standard, what is "sufficient" or what discovery is "legitimate," particularly where (as here) there is a total lack of transparency relating to the subpoena recipient's process (e.g., systems, custodians, collection, and review). Allowing that would invite gamesmanship. The subpoenaed entity might withhold evidence damaging to a favored litigant, arguing that it was entirely justified by such "sufficient" and "legitimate" disclaimers. The Court should reject PayPal's legally unsupportable approach.

Further, RetailMeNot submits it is not credible that collection, review, and production of these documents actually took over three weeks, and the delay appears to have been motivated by

1   strategic considerations relating to the Delaware litigation.  In view of those tactics, PayPal's

2   insistence that it should be permitted to decide which relevant documents to produce poses

3   considerable danger of unfair prejudice to RetailMeNot.  Indeed, PayPal's delay has already

4   prejudiced RetailMeNot's ability to prepare its case, as the requested documents are needed to

5   prepare expert reports due on March 6.

6          Accordingly, RetailMeNot respectfully asks the Court to grant its motion and compel.

7   **II.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

8          **A.  RetailMeNot's Patent Suit Against Honey in Delaware**

9          RetailMeNot and Honey are competitors in the business of aggregating online digital

10  offers (e.g., digital coupon codes, discounts, and rebates).  On June 25, 2018, RetailMeNot sued

11  Honey for infringement of four U.S. Patents covering various technologies relating to web

12  applications, including online shopping and merchant offers.  (D.I. 1.)[1]  In particular,

13  RetailMeNot accused Honey's website, browser extensions, and related software and services of

14  infringing RetailMeNot's patents.  (*Id.* ¶ 39.)  Honey counterclaimed for infringement of a Honey

15  patent.  (D.I. 28 at Counterclaim Nine.)

16         The case has reached the close of fact discovery, which was originally set for January 17,

17  2020, and opening expert reports are due on March 6, 2020.  (D.I. 29 at 2.)  Some fact discovery

18  remains, however, and the parties stipulated to an extension of the deadline for certain fact

19  discovery, including specifically discovery from PayPal.  (D.I. 216 at 2.)  On January 21, 2020,

20  the Court adopted the parties' stipulation.

21         **B.  PayPal's Acquisition of Honey**

22         PayPal is a $139 billion company that operates worldwide online payments systems.  On

23  November 20, 2019, PayPal announced that it had agreed to acquire Honey for $4 billion.  (Ex.

24  B.)[2]  The deal closed on January 6, 2020.  (Ex. C.)  To date, Honey remains a separate entity

25  from PayPal, and it is undisputed that PayPal is a third party with respect to the Delaware action.

26  ─────────────────────────

27  [1] All Docket Index references herein refer to the docket of Case No. 18-cv-937-CFC-MPT
    pending in the United States District Court for the District of Delaware.

28  [2] All exhibit references refer to the exhibits attached to the Declaration of Andrew J. Fossum
    ("Fossum Decl.") submitted concurrently herewith.

C. **RetailMeNot's Subpoena to PayPal**

In view of the acquisition announcement, RetailMeNot issued two subpoenas (one for documents and one for testimony) to PayPal on December 16, 2019.[3] The document subpoena sought documents concerning PayPal's acquisition of Honey and this litigation. In relevant part, the requests covered three areas:

      (i)    PayPal's diligence, valuation, and negotiation documents relating to Honey (Request Nos. 1-4, 9);

      (ii)   PayPal's term sheets, offers, and agreements with Honey, including any drafts (Request Nos. 6, 7); and

      (iii)  communications pertaining to this litigation (Request No. 5).

(Ex. D at 12-13.)

Notably, shortly after PayPal's announcement of the Honey acquisition, RetailMeNot served discovery requests relating to the PayPal acquisition on Honey. This discovery was addressed on February 6, 2020 during a discovery dispute hearing with the Court. (*See* D.I. 212 (scheduling hearing).) The Court in the Delaware action ordered Honey to confirm its production of documents responsive to that discovery and also made clear that the PayPal subpoena was not being taken up at that hearing.[4]

D. **RetailMeNot's First Conference with PayPal**

Shortly after RetailMeNot's subpoena was served, on December 19, 2019, PayPal's counsel contacted RetailMeNot about the subpoena. (Fossum Decl. ¶ 18.) A conference call took place on December 20, 2019. (*Id.*) During that call, RetailMeNot answered questions about the requests, and in particular, identified documents responsive to certain requests (2, 3, 4, 7, & 9) as potentially very easy to collect and produce. (*Id.*) PayPal's counsel indicated that he was not yet fully up to speed on the matter and did not provide details regarding PayPal's documents or any claims of burden. (*Id.*) Counsel agreed to resume discussions after PayPal had time to

---

[3] The deposition subpoena was re-served on December 20, 2019 because a topic list had been inadvertently omitted.

[4] The transcript of the proceeding is not available at the time of the filing of this motion, and the Court has not yet provided a written order relating to the hearing.

1   investigate the matter further. (*Id.*)

2   **E. PayPal's Objections to the Document Subpoena**

3   The parties did not confer again prior to PayPal serving objections to the subpoena on

4   December 30, 2019. The asserted objections are, for the most part, identical and span over a page

5   for each request. (*See* Ex. E at 4-22.) The objections include a series of conditional, "to the

6   extent that" objections based on relevance, undue burden, confidentiality, and potential

7   privileges/protections. (*Id.*) PayPal did not agree to produce any documents, instead stating that

8   it was "willing to meet and confer" regarding each request. (*See, e.g., id.* at 5.)

9   **F. RetailMeNot's Second Conference with PayPal**

10  After receiving PayPal's objections, the parties corresponded in writing regarding various

11  issues relating to the subpoena. (Ex. F.) On January 6, 2020, the parties held another conference

12  call to discuss the subpoena. (Fossum Decl. ¶ 19.) During the call, RetailMeNot proposed that

13  PayPal focus on collection and production of responsive documents from central repositories

14  (e.g., shared drives, SharePoint, Wiki, or other workflow management systems) as opposed to

15  collection from individual custodians. (Fossum Decl. ¶ 19; *see also* Ex. F at 2 (at item 2, asking

16  about central repositories).) RetailMeNot also proposed limiting email searches to a few

17  custodians and employing the procedures set forth in the email protocol in the Delaware action.

18  (Fossum Decl. ¶ 19.) RetailMeNot agreed to defer the issue of any email production until after

19  PayPal's first production was complete. (*Id.*)

20  **G. PayPal's Commitment to Produce Documents**

21  On January 8, 2020, PayPal sent an email committing to a production. (Ex. G at 1.) In

22  particular, PayPal stated: "PayPal *is currently in the process of collecting* a set of centrally-

23  located documents sufficient to satisfy RMN's legitimate discovery needs relating to the Honey

24  acquisition (at least from PayPal)." (*Id.* (emphasis added).) PayPal stated that it expected to

25  make the production "by the end of next week or early the following week." (*Id.*)

26  **H. PayPal's Delays, Missed Deadline, and Failure to Respond**

27  On January 16, 2020, having heard nothing from PayPal, RetailMeNot sent an email

28  confirming the January 21, 2020 production date. (Ex. H at 1.) PayPal reaffirmed that it was

1    "still in the process of collecting and reviewing documents," but pushed the date for production

2    by several days without explanation. (*Id.*)

3           By January 23, 2020 (i.e., the eve of the date PayPal had committed to making a

4    production), RetailMeNot had not heard anything from PayPal.  Accordingly, RetailMeNot asked

5    for a date certain by which the production would be made. (Ex. I at 1-2.)  PayPal did not respond

6    and did not produce any documents by the promised date of January 23, 2020. (*Id.* at 1.)

7           On January 24, 2020, RetailMeNot asked for an immediate response confirming when

8    PayPal would be making its production. (*Id.*)  PayPal did not respond for two days.  On January

9    27, 2020, RetailMeNot's counsel left a voicemail with PayPal's counsel stating that motion

10   practice would be necessary without an immediate response. (Fossum Decl. ¶ 20.)  Only then did

11   PayPal finally respond, claiming that it was still "in the process of reviewing documents" and

12   suggesting that it would make a production by the end of the week. (Ex. I at 1.)  PayPal did not

13   explain its delay, missed deadline, or failure to respond for several days. (*Id.*)

14          RetailMeNot immediately responded, asking for details substantiating the need for further

15   delay (e.g., total documents located, documents reviewed, and documents awaiting review) and a

16   firm commitment to a production by the end of the week. (Ex. J at 2.)  The next day, PayPal

17   committed to making a production by the end of the week but would not answer questions

18   regarding the number of documents in various stages of review and production. (*Id.*)  In

19   response, RetailMeNot continued to press for more details concerning the delay and production

20   status. (*Id.* at 1.)

21          After another full day of delay, PayPal responded, revealing for the first time that its

22   outside counsel had reviewed only "25-30 potentially responsive documents." (*Id.*)  PayPal also

23   asserted that its production would be limited to what it viewed as "***sufficient* to satisfy RMN's**

24   ***legitimate*** discovery needs." (*Id.* (emphases added).)

25   **I.   PayPal's Limited Document Production and RetailMeNot's Response**

26          On Friday, January 31, 2020, well after the close of business, PayPal made its first

27   document production. (Ex. K at 1.)  The production consists of eight documents totaling 404

28   pages and one native Excel spreadsheet. (Fossum Decl. ¶ 21.)  Over half of the 404 pages

1  produced are a single document—the merger agreement.  (*Id.*)  In addition, the production

2  contained numerous redactions, but PayPal did not serve a privilege log.  (*Id.*)

3       On February 4, 2020, RetailMeNot emailed PayPal to raise issues relating to the

4  production and notify PayPal of RetailMeNot's intent to file a motion to compel.  (Ex. L.)

5  RetailMeNot asked PayPal to address various deficiencies in its production and confirm that

6  certain responsive documents had been produced.  (*Id.* at 1-2.)  RetailMeNot requested that

7  PayPal provide details supporting its prior representations that such a small production took over

8  three weeks.  (*Id.* at 2 (*see* Item 1).)  RetailMeNot also sought details regarding PayPal's review

9  process and any alleged burden that would be imposed by making a comprehensive production.

10  (*Id.* at 2 (*see* Items 2, 3, & 5).)  Finally, RetailMeNot asked for the basis of PayPal's privilege

11  claims.  (*Id.* at 2 (*see* Item 4).)

12       On February 6, 2020, PayPal responded.  (Ex. M.)  Other than offering to provide a

13  privilege log and confirming that it was not withholding any documents based on privilege,

14  PayPal declined to address any of the deficiencies raised by RetailMeNot or to provide any of the

15  information requested.  (*Id.*)  PayPal did not offer to make any additional production.  (*Id.*)

16  PayPal did not dispute that it had withheld documents based on its "sufficient" and "legitimate"

17  limitations.  (*Id.*)  PayPal offered no explanation as to why it took over three weeks to make its

18  limited production.  (*Id.*)

19       Accordingly, RetailMeNot filed this motion to compel.

20  **III.  LEGAL STANDARD**

21       Rule 45 of the Federal Rules of Civil Procedure allows a party to issue a subpoena to

22  command a non-party to produce documents or tangible things in its possession, custody, or

23  control.  Fed. R. Civ. P. 45.  The scope of discovery through a subpoena is the same as under

24  Rules 26 and 34 of the Federal Rules of Civil Procedure.  *See* 9A Charles Alan Wright et al.,

25  Federal Practice and Procedure § 2452 (3d ed. 2019) (citing cases).

26       A party may obtain discovery of any non-privileged matter that is relevant to any claim or

27  defense.  Fed. R. Civ. P. 26(b)(1).  Rule 26 limits discovery where the burden of the proposed

28  discovery outweighs its likely benefit, taking into account the needs of the case, the parties'

1  resources, the importance of the issues at stake in the litigation, and the importance of the

2  proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(1) and (2).

3      To respond to a Rule 45 subpoena, "a reasonable inquiry must be made, and if no

4  responsive documents or tangible things exist, the responding party should so state with sufficient

5  specificity to allow the Court to determine whether the party made a reasonable inquiry and

6  exercised due diligence." *McMaster v. Spearman*, No. 1:10-CV-01407-AWI-SKO PC, 2014 WL

7  508677, at *4 (E.D. Cal. Feb. 6, 2014) (internal citations omitted); *see also Rogers v. Giurbino*,

8  288 F.R.D. 469, 485 (S.D. Cal. 2012). A non-party commanded to produce documents and

9  tangible things may serve objections to the subpoena. Fed. R. Civ. P. 45(d)(2)(B). But unless the

10  non-party has an adequate excuse, it must comply with a valid subpoena. *See* Fed. R. Civ. P.

11  45(g) ("The court for the district where compliance is required . . . may hold in contempt a person

12  who, having been served, fails without adequate excuse to obey the subpoena."). Moreover, "a

13  non-party is subject to the requirements that an objection to a document request must, for each

14  item or category, state with specificity the grounds for objecting to the request, including the

15  reasons, and must state whether any responsive materials are being withheld on the basis of that

16  objection; that an objection to part of a request must specify the part and permit inspection of the

17  rest; that 'general or so-called boilerplate or unsupported objections are improper under Rule

18  45(d)(2)(B).'" *Total Rx Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 593 (N.D. Tex. 2017).

19  Ultimately, "the responding party must explain and support its objections." *Id.*

20      Rule 37 provides that "[o]n notice to other parties and all affected persons, a party may

21  move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The proper

22  venue in which to file a motion to compel a non-party to comply with a subpoena is "the district

23  where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). Because the subpoenas at issue

24  here require PayPal to produce documents and appear for a deposition in the Northern District of

25  California where it maintains offices, venue is proper in this Court.

26  **IV.    ARGUMENT**

27      The core issue presented in this motion is not whether the documents sought by the

28  subpoena are relevant—they are, and PayPal appears to have conceded that. Rather, the core

1   issue here is PayPal's contention that it is entitled to hand-pick which relevant documents it

2   produces and which it withholds from production. That is contrary to the law, and the Court

3   should reject PayPal's approach to discovery.

4       Further, the discovery is proportional to the needs of the case in view of (1) the relevance

5   of this information to the critical issue of patent damages, (2) the fact that PayPal is the sole

6   source of the particular documents sought, (3) PayPal's substantial resources and $4 billion

7   purchase of Honey, and (4) PayPal's failure to identify a single fact regarding any alleged burden

8   or expense of compliance. Further, PayPal's remaining boilerplate objections provide no

9   legitimate basis for its refusal to comply with the subpoena.

10      Accordingly, RetailMeNot respectfully asks the Court to grant its motion to compel.

11      **A. The Discovery Sought Is Relevant**

12      RetailMeNot's subpoena seeks several categories of documents that relate to the

13  valuations, analysis, and other diligence by PayPal in connection with its $4B acquisition of

14  Honey. Request No. 1 seeks the documents that PayPal relied upon to negotiate or calculate the

15  amount of the deals with Honey. (Ex. A at 1.) Request No. 2 seeks the documents concerning

16  analysis of Honey's technology, which is necessary to understand the basis for Honey's

17  valuations. (*Id.* at 1-2.) Request Nos. 3, 4, and 9 seek valuations or valuation models relating to

18  Honey as whole, its components, its assets and liabilities, and its patents and patent

19  applications—again, documents that are necessary to understand the basis for PayPal's

20  valuations. (*Id.* at 2-3 & 6-7.) Request Nos. 6 and 7 seek the term sheets, offers, and agreements,

21  including drafts, that are critical to understanding the evolution of PayPal's valuation as well as

22  any important non-monetary terms. (*Id.* at 5-6.) Request No. 5 seeks PayPal's documents and

23  communications about the Delaware litigation and related litigations that are, on their face,

24  relevant to the litigation, but also shed light on potential bias of PayPal. (*Id.* at 4.)

25      The materials discussed above are particularly relevant to patent damages where, as here,

26  the accused product is "pretty much the whole company." *See, e.g.*, *Symantec Corp. v. Zscaler,*

27  *Inc.*, No. 17-cv-04426-JST (TSH), 2019 WL 2288278, at *1-2 (N.D. Cal. May 29, 2019). In

28  *Symantec*, the Court granted a motion to compel valuation documents prepared in connection

1    with the defendant's initial public offering. *Id.* at \*1. As the Court explained:

2          [T]he market for and valuations of the accused products are relevant
           to the demand for the patented product, the amount of profit the
3          patentee would have made, the profitability and commercial success
           of products made under the patents, as well as other factors under
4          *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.* and *Georgia-*
           *Pacific Corp. v. United States Plywood Corp.*  True, [the request]
5          goes a little past that because it also asks for valuations of [defendant]
           as a whole, not just valuations of particular products.    But
6          [defendants'] own website, as well as other public descriptions of the
           company such as Wikipedia, make it sound like the [accused
7          product] at issue is pretty much the whole company.

8                                    *        *        *

9          The Court understands that the valuation of an accused product (and
           even more so the valuation of [defendant] as a company) includes the
10         value of the non-infringing aspects as well – legally speaking, it's not
           a straight shot from product valuation to patent infringement
11         damages. But the standard here is relevance, and these valuations
           meet that standard because they are an important input to the
12         computation of damages.

13   *Id.* at \*1-2 (internal citations omitted).

14         RetailMeNot accuses Honey's website, browser extensions, and related software and

15   services of infringing its patents. (D.I. 1 ¶ 39.) As in *Symantec*, that is essentially the whole

16   company. The few documents PayPal has produced prove that. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

17   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

18   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

19   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓       ▓▓▓▓▓▓

21   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

22         PayPal's documents also show that numerous, relevant documents have been withheld

23   from production. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

24   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

25   ▓▓▓▓▓▓▓▓▓▓   (Ex. P.) None of these responsive, relevant documents have been produced as

26   ────────────────────────────────────────────
     [5] RetailMeNot has submitted only the relevant excerpts from the documents produced to
27   minimize the need to file and seal information designed "OUTSIDE ATTORNEYS' EYES
     ONLY" by PayPal. Upon the Court's request, RetailMeNot will promptly submit a full copy of
28   any document.

required under the law. *See Viasat, Inc. v. Space Systems/loral, Inc.*, No. 12-CV-0260-H-WVG, 2013 WL 12061801, at *4 (S.D. Cal. Jan. 14, 2013) (granting motion to issue letter rogatory to foreign third party and noting that documents concerning "the evaluation and acquisition of a company purchased by the defendant company, as well as the evaluation of its various assets, was discoverable") (citing *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431-SBA, 2008 WL 928539 (N.D. Cal. Apr. 4, 2008); *Fastek, LLC v. Steco*, No. 10-CV-0972-MMA-CAB, 2011 WL 4499101, at *2 (S.D. Cal. Sept. 27, 2011) (valuation and due diligence documents created during the acquisition of one company by another are relevant to damages).

**B. PayPal Is Not Entitled to Pick Which Relevant Documents It Produces**

PayPal claims that it is entitled to pick and choose which particular documents it produces in response to the subpoena under the guise of its unilaterally imposed, undisclosed standard of what PayPal views as "sufficient" for RetailMeNot's "legitimate discovery needs." (Ex. J.) Critically, PayPal does not appear to deny that it hand-picked the few documents it produced and withheld all others based on its amorphous, internal standard. (*See* Ex. L at 1 (raising PayPal's apparent withholding); *see* Ex. M (failing to deny withholding).) That approach is plainly contrary to the law. *Marshall v. The Billings Clinic*, Case No. CV-14-93-BLG-SPW-CSO, 2015 WL 7574758, at *4 (D. Mon. Nov. 25, 2015) (granting a motion to compel, noting that "no party may unilaterally decide what is relevant and produce only those documents she chooses to produce"); *Strand v. USANA Health Sciences, Inc.*, Case No. 2:17-cv-00925, 2019 WL 2745537, at *4 (D. Utah June 28, 2019) ("Plaintiffs are not entitled to decide what information is 'sufficient' when Defendant has requested relevant, discoverable documents, as it has done here. Nor can Plaintiffs object to producing documents without identifying which documents are being withheld on the basis of each objection."); *Reddy v. Lowe's Cos., Inc.*, Case No. 13-cv-13016, 2014 WL 12644304, at *1 (D. Mass. Oct. 21, 2014) (Defendant's "duty to produce relevant documents is not satisfied by the production of some subset of documents that 'fall[ ] within the scope' of a request or that it has unilaterally determined are 'sufficient to show' the information Plaintiff seeks."); *McNabb v. City of Overland Park*, Case No. 12-CV-2331, 2014 WL 1152958, at *4 (D. Kan. Mar. 21, 2014) ("Plaintiff is entitled to production of responsive documents, not

1  just those documents or parts of documents that Defendant unilaterally deemed relevant.")

2  Moreover, the claim that production of *some* relevant information essentially shifts the

3  burden to the party seeking discovery to explain why it is insufficient has been expressly rejected

4  by this Court. *Symantec Corp.*, 2019 WL 2288278, at *2 ("Zscaler states that it has already

5  produced detailed sales, marketing and financial information, and it argues that Symantec has not

6  explained why that information is not sufficient to prepare its damages case. However, the

7  production of other documents that may also be relevant does not cause the documents Symantec

8  seeks…to become less relevant.")  Accordingly, any such claim by PayPal should be rejected.

9  Finally, even if PayPal's approach were not contrary to the law, PayPal's apparent tactic

10 of delaying its production for weeks weighs heavily against any suggestion that PayPal should be

11 given *carte blanche* to decide which evidence it wishes to withhold from production.

12 RetailMeNot submits that PayPal's repeated representations that it was collecting and reviewing

13 eight documents totaling 404 pages and one Excel spreadsheet for over three weeks are not

14 credible.[6]  RetailMeNot asked PayPal to substantiate its claim, but PayPal declined. (*See* Ex. L at

15 2 (Item No. 1); Ex. M.)  Accordingly, PayPal should not be given additional discretion to frustrate

16 RetailMeNot's efforts to obtain relevant evidence.

17 **C. The Discovery Sought Is Proportional to the Needs of the Case**

18 Rule 26 provides that courts should consider "the importance of the issues at stake in the

19 action, the amount in controversy, the parties' relative access to relevant information, the parties'

20 resources, the importance of the discovery in resolving the issues, and whether the burden or

21 expense of the proposed discovery outweighs its likely benefit" in determining whether the

22 discovery sought is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

23 As discussed, the discovery sought is relevant to RetailMeNot's damages—one of the

24 critical and core issues in the Delaware patent litigation. It is not some ancillary matter, and the

25 discovery is important to resolving damages issues. *Symantec Corp.*, 2019 WL 2288278, at *2

26
27
28

[6] This is especially true where a large company like PayPal has a sophisticated e-discovery platform that would necessarily provide for rapid and efficient collection of documents, as evidence by the fact that PayPal's e-Discovery Director was given an award for innovation in 2019. (Ex. N.)

1   ("Valuations…are an important input to the computation of damages."). Moreover, as to the

2   amount in controversy, PayPal's acquisition of Honey for $4B demonstrates that the amount in

3   controversy is substantial—more than sufficient to justify a subpoena to a company that just spent

4   $4B acquiring the Defendant.

5       Regarding access to the information sought, PayPal is the only source for the particular

6   documents sought relating to its valuations, analyses, and diligence. Absent unusual

7   circumstances, those materials would not be shared with any other party, and it does not appear

8   that the relevant documents produced by PayPal to date were shared with Honey. To the extent

9   PayPal claims to the contrary, it should have raised that issue during the parties' conferences and

10  identified alternative sources for specific documents. It did not.[7]

11      Finally, with respect to weighing burden or expense against the likely benefit of the

12  discovery sought, the only specific burden claim ever articulated by PayPal was its claim that it

13  would need to search the documents of 200 custodians to comply with the subpoena. (See Ex. F

14  at 3.) That objection was resolved completely by limiting PayPal's collection to centralized

15  document sources and a handful of email custodians. (*See supra* at Section II.F.) Beyond that,

16  PayPal never identified any legitimate basis for its burden objections, despite RetailMeNot's

17  repeated requests that it do so—not merely because it is necessary to support a non-frivolous

18  assertion of those objections, but also to enable RetailMeNot to make proposals to reduce or

19  eliminate any identified burden or expense.

20      The parties' most recent exchange regarding this motion highlights PayPal's inability to

21  substantiate its burden objections. RetailMeNot asked PayPal to provide specific details that

22  would be necessary to support a claim of undue burden. (Ex. L at 2 (Item Nos. 2, 3, & 5.).) In

23  response, PayPal reasserted its generalized, boilerplate claim of burden, but refused to provide a

24  single specific detail explaining how and to what extent complying with the subpoena would

25  impose burden. (Ex. M.) Without details, PayPal's burden objections amount to nothing more

26

27  ───────────────
    [7] To be clear, RetailMeNot consistently confirmed that it was not seeking documents that were in
    the possession of Honey, and PayPal never claimed that it had shared its due diligence/valuation
28  materials in particular with some other party.

MEMO. IN SUPPORT OF MOT. TO COMPEL AGAINST PAYPAL HOLDINGS, INC.                    12
CASE NO.

1    than hand-waving and should be rejected. *Total Rx Care*, 318 F.R.D. at 593 ("a non-party's Rule

2    45(d)(2)(B) objections to discovery requests in a subpoena are subject to the same prohibition on

3    general or boiler-plate [or unsupported] objections and requirements that the objections must be

4    made with specificity and that *the responding party must explain and support its objections*.")

5    (emphasis added).

6    **D.   PayPal's Other Objections Lack Merit**

7           In its most recent correspondence, PayPal asserted that "RMN still has not addressed" the

8    objections PayPal has served. (Ex. M at 2.)  As a general matter, those boilerplate objections are

9    improper and lack merit.  In particular, PayPal has failed to state whether it has withheld any

10   documents based on those objections. *Total Rx Care*, 318 F.R.D. at 593 ("[A] non-party is

11   subject to the requirements that an objection to a document request must, for each item or

12   category, state with specificity the grounds for objecting to the request, including the reasons, and

13   *must state whether any responsive materials are being withheld on the basis of that objection*;

14   that an objection to part of a request must *specify the part and permit inspection of the rest*; that

15   'general or so-called boilerplate or unsupported objections are improper under Rule

16   45(d)(2)(B).'") (emphasis added).  In view of this failure and PayPal's practice of asserting

17   conditional, "to the extent" objections, it is unclear whether any of those objections are actually

18   material to PayPal's production of responsive documents.  Regardless, RetailMeNot addresses

19   each objection briefly below.

20          **Relevance and Burden**.  PayPal objects "to the extent" that relevance and undue burden

21   grounds are presented by each request.  (Ex. A at 1.)  All of those objections have already been

22   addressed above. (*See supra* at Section IV.A and C.)

23          **Vague/Ambiguous Terms**.  PayPal objects that various terms, e.g., "Honey technology,"

24   are "vague, ambiguous, and overbroad.  (Ex. A at 2.)  These objections are specious, and if

25   PayPal truly had any questions as to what any of the allegedly vague terms meant, it failed to

26   raise that during multiple conferences and extensive correspondence.

27          **Third Party Confidentiality**.  PayPal objects "to the extent" each Request implicates

28   third party confidentiality issues. (Ex. A at 1.)  PayPal has not identified any specific third party

1   confidentiality issue, and in any event the Discovery Confidentiality Order entered in the

2   Delaware case permits PayPal to designate materials at various levels of confidentiality to address

3   any legitimate concerns it may have. (Ex. D at 15-41.)

4      **Possession**.  PayPal objects "to the extent it seeks documents that are not within the

5   possession, custody, or control of PayPal." (Ex. A at 1.)  This objection appears to be frivolous,

6   especially in view of RetailMeNot's conferences with PayPal, but it has not been withdrawn.

7   Absent PayPal's insistence that RetailMeNot must address all of PayPal's prior asserted

8   objections, RetailMeNot would not have addressed it.  Regardless, RetailMeNot confirms it is not

9   seeking documents outside of PayPal's possession, custody, or control.

10      **Privileges**.  PayPal objects "to the extent" each Request implicates a privilege or

11   protection. (Ex. A at 1.)  As a general matter, if PayPal is withholding documents based on some

12   asserted privilege, it is required to "describe the nature of the withheld documents,

13   communications, or tangible things in a manner that, without revealing information itself

14   privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(a).  It

15   has not done so—even with respect to the production it has already made and the redactions

16   within it,[8] and "[t]he Ninth Circuit has held that the failure to timely produce a privilege log may

17   result in waiver of asserted privileges." *Johnson v. Starbucks Corp.*, No. 16-cv-00724-DMR,

18   2019 WL 402359, at *6 (N.D. Cal. Jan. 31, 2019), citing *Burlington N. & Santa Fe R.R. Co. v.*

19   *U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

20   **V.    CONCLUSION**

21      For the foregoing reasons, RetailMeNot respectfully asks the Court to overrule PayPal's

22   objections and grant its motion to compel, ordering PayPal to (i) produce all documents

23   responsive to Request Nos. 1-7 and 9 of the subpoena located within any central repositories

24   relating to PayPal's acquisition of Honey within five business days of the Court's order; and (ii)

25   produce email from two custodians employing five search terms in accordance with the email

26

27   [8] In its most recent correspondence, PayPal's counsel stated that PayPal (i) is not withholding any
    documents based on privilege "although it reserves the right to do so," and (ii) will produce a
28   privilege log for its already-made redactions by February 11. (Ex. M at 2.)

MEMO. IN SUPPORT OF MOT. TO COMPEL AGAINST PAYPAL HOLDINGS, INC.                    14
CASE NO.

discovery protocol entered in connection with the underlying Delaware action.

Dated: February 7, 2020                     SPEARHEAD LEGAL LLP


                                            /s/ Andrew J. Fossum
                                            Andrew J. Fossum

                                            Attorneys for Plaintiff
                                            RETAILMENOT, INC.