UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE* SUBPOENA TO PAYPAL HOLDINGS, INC., <br><br> Served in case: <br><br> *RetailMeNot, Inc. v. Honey Science Corp.*, Case No. 18-cv-937-CFC-MPT (D. Del.) | Case No. 20-mc-80041-AGT <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** <br><br> Re: ECF Nos. 2, 30 |

This discovery dispute arises from a patent case pending in the District of Delaware between plaintiff RetailMeNot, Inc. ("RMN") and its competitor, defendant Honey Science Corp. ("Honey"). *See RetailMeNot, Inc. v. Honey Science Corp.*, No. 18-cv-937-CFC-MPT (D. Del.) ("Delaware action"). In connection with that case, RMN filed a motion to compel compliance with a document subpoena it issued to nonparty PayPal Holdings, Inc. ("PayPal"), Honey's parent company as of January 6, 2020. After the motion was briefed and at the Court's direction, the parties engaged in further meet and confer discussions and ultimately resolved most issues in dispute. Now before the Court is the parties' joint letter setting forth their two remaining disputes, which focus on RMN's requests for valuations of Honey's litigation-related liabilities and documents and communications regarding the Delaware action and all other RMN-Honey litigations. ECF No. 30. For the reasons discussed below, RMN's motion to compel is granted in part and denied in part.

**I.    BACKGROUND**

The facts of this matter are set forth in the Court's previous order, *see* ECF No. 20. Briefly, RMN filed the underlying Delaware action against Honey, a shopping and rewards platform that competes with RMN in the business of aggregating online digital offers (e.g., digital

coupon codes, discounts, and rebates), in June 2018.  ECF No. 3 at 5.  RMN alleges that Honey's website and browser extensions infringe four of RMN's patents covering technologies relating to web applications.  *Id.*  Honey counterclaimed for infringement of a Honey patent.  *Id.*

On December 16, 2019—one month after PayPal announced that it would acquire Honey for $4 billion and three weeks before that deal was finalized—RMN subpoenaed PayPal, seeking nine categories of documents relating to the Honey acquisition and RMN-Honey litigations, including the Delaware action.  *Id.* at 5–6.  PayPal served timely objections and in late January 2020 produced a total of eight documents and one spreadsheet, claiming that those documents were "sufficient to satisfy RMN's reasonable discovery needs."  *Id.* at 7–8; ECF No. 4-1, Ex. J at 50.  RMN moved to compel and the Court ordered the parties to continue to meet and confer on RMN's pending document requests and to submit any remaining disputes in a joint letter brief.  ECF No. 20.  On April 24, 2020, following productive meet and confer discussions that resulted in agreement on all but two document requests, the parties filed the instant joint letter outlining their outstanding disputes.[1]  ECF No. 30.  The parties still disagree about whether PayPal must produce (or record on a privilege log) documents responsive to the italicized portions of the following two requests:

> Request No. 4:  All documents or communications concerning the valuation of any Honey liabilities, *including [the Delaware action] and any other litigation or proceeding involving RetailMeNot*.
>
> Request No. 5:  All documents or communications *concerning [the Delaware action] and any other litigation or proceeding involving RetailMeNot*.[2]

**II.   DISCUSSION**

PayPal refuses to produce documents responsive to the disputed portions of Request Nos. 4 and 5, contending that the information RMN seeks is "simply irrelevant" to patent damages in the

---

[1] The parties report that, to date, PayPal has agreed to (1) produce nonprivileged documents responsive to most of RMN's requests, (2) provide a privilege log one week after production, and (3) produce emails.  ECF No. 30 at 1.

[2] During the parties' further meet and confer discussions, RMN narrowed Request No. 5 to responsive documents PayPal locates during its collection and review relating to RMN's other (non-disputed) requests.  ECF No. 30 at 3; ECF No. 30-2 at 11–12.

2

Delaware action and arguing that both requests are "an obvious attempt to invade the attorney-client and work product privileges." *Id.* at 5.  The Court considers each objection in turn.

### A. Relevance

In both requests at issue, RMN seeks PayPal's documents relating to (1) the Delaware action, and (2) "any other litigation or proceeding involving RMN."  PayPal argues that RMN has not and cannot "establish relevance of litigation-related documents, particularly when such documents are being requested from a nonparty."[3] *Id.* at 4.

Rule 26(b) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see Waymo LLC v. Uber Techs., Inc.*, No. 17CV00939WHAJSC, 2017 WL 3581171, at *1 (N.D. Cal. Aug. 18, 2017) ("The scope of discovery under Rule 45 [which governs discovery of nonparties by subpoena] is the same as the scope under Rule 26(b)."). Relevant information need not be admissible to be discoverable, Fed. R. Civ. P. 26(b)(1), and "[c]ourts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial," *Nat'l Grange of the Order of Patrons of Husbandry v. California Guild*, No. CV 2:16-201 WBS DB, 2018 WL 1899922, at *2 (E.D. Cal. Apr. 20, 2018).  The party moving to compel discovery bears the burden of establishing that the information sought is relevant under Rule 26(b)(1). *Harris v. Best Buy Stores, L.P.*, No. 315CV00657HSGKAW, 2016 WL 6024556, at *1 (N.D. Cal. Oct. 14, 2016).  "In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id.*

Importantly, this Court does not have the benefit of involvement with the underlying Delaware action, which has been pending for two years.  The Court therefore adheres to the

---

[3] It is undisputed that PayPal is not a party to the Delaware action.  Nevertheless, RMN reports (and PayPal does dispute or deny) that "PayPal is now apparently directing and controlling Honey's positions in the [Delaware] action," and "[o]nly PayPal management and new trial counsel—no Honey personnel—appeared at the recent mediation." ECF No. 30 at 3.  While PayPal is correct that this "does [not] make PayPal a party to the Delaware litigation," *id.* at 5, this information provides helpful context and perhaps elucidates why PayPal no longer asserts undue burden as a basis for denying RMN's motion to compel.

3

principle that "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt . . . the court should be permissive." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

### 1. Documents concerning "other" RMN-Honey litigations

As an initial matter, the Court finds that RMN has not sufficiently explained how PayPal's documents relating to "any other litigation or proceeding involving RMN" are relevant to the claims and defenses in the Delaware action. Indeed, RMN has not provided *any* information about these "other" RMN-Honey litigations, except for stating that they "involve patent claims." ECF No. 30 at 2. That is not enough to satisfy Rule 26(b)'s relevancy requirements and the Court declines to speculate. As such, RMN's motion to compel compliance with Request Nos. 4 and 5 is denied insofar as those requests seek documents and communications concerning "other" (non-Delaware action) RMN-Honey litigations, including valuations of Honey's litigation-related liabilities arising from those other actions.

### 2. Documents concerning the Delaware action

The remaining documents sought by the two disputed requests—i.e., PayPal's valuations of Honey's Delaware action-related liabilities (no. 4) and PayPal's documents and communications concerning the Delaware action (no. 5)—are relevant and otherwise unavailable.

*Request No. 4.* RMN argues that documents reflecting PayPal's valuations of Honey liabilities arising from the Delaware action are relevant because they "necessarily concern the measure of patent damages" in the Delaware action. ECF No. 30 at 2. PayPal does not directly refute this assertion and instead argues that the requested valuations "are not relevant to a *proper* damages calculation" and "any evaluation of the Delaware litigation would necessarily be based on myriad factors that have no bearing on a calculation of damages or the value of Honey patents (e.g., the validity of RMN's patents, the cost and burden of litigation, other business considerations, etc.)." *Id.* at 4 (emphasis added). PayPal's arguments—which largely concern admissibility at trial, not relevance under Rule 26(b)—are not persuasive.

4

To start, PayPal has already agreed to produce valuations for all Honey liabilities *except* valuations of liabilities arising from the Delaware action (and the other RMN-Honey litigations). *See id.* at 5; ECF No. 30-2, Ex. B at 11. It is unclear to the Court how PayPal can credibly claim that its valuations of Honey's *Delaware action liabilities* are "simply irrelevant" to damages in *the Delaware action* when PayPal has agreed to produce valuations for all other Honey liabilities and conceded that those valuations "might be relevant." ECF No. 30 at 5. PayPal's valuations of Honey liabilities stemming from the Delaware action are relevant to the claims and defenses in that action.[4] And PayPal's "production of other documents that may also be relevant does not cause the documents [RMN] seeks . . . to become less relevant." *Symantec Corp. v. Zscaler, Inc.*, No. 17CV04426JSTTSH, 2019 WL 2288278, at *2 (N.D. Cal. May 29, 2019) (granting plaintiff's motion to compel production of documents exchanged with third party investors regarding "any valuations of [defendant-company as a whole] or the accused products" and rejecting defendant's argument that it had already produced detailed information "sufficient [for plaintiff] to prepare its damages case").

Next, the Court agrees with RMN that arguments regarding whether a damages expert could properly rely on PayPal's evaluations of the Delaware litigation as a whole are issues that go to admissibility at trial, not relevance for discovery purposes, and should be decided by the trial judge, not this Court. Relatedly, the fact that the requested valuation documents might incorporate information not pertinent to a damages calculation (such as "the cost and burden of litigation") does not offset the relevance of other responsive information contained in those documents. *See Doe v. Trump*, 329 F.R.D. 262, 276 (W.D. Wash. 2018) ("It is a rare document that contains only relevant information; and irrelevant information within an otherwise relevant document may provide context necessary to understand the relevant information.").

---

[4] By PayPal's own admission, "any evaluation of the Delaware litigation would necessarily be based on . . . *the validity of RMN's patents*." ECF No. 30 at 4 (emphasis added). PayPal's pre- and post-acquisition assessments of the validity of RMN's asserted patents are relevant because, among other reasons, they bear on the perceived value of those patents. *See Vasudevan Software, Inc. v. MicroStrategy Inc.*, No. 11-CV-06637-RS-PSG, 2013 WL 597655, at *1 (N.D. Cal. Feb. 15, 2013) (stating that "information about the value of the accused products and their other features is obviously relevant" given the requirement that the plaintiff "show the relative value of the allegedly infringing patented features").

*Request No. 5.* RMN also seeks PayPal's nonprivileged documents and communications concerning the Delaware action, arguing that this information relates to patent damages and Honey's affirmative claims that the PayPal acquisition shows commercial success of the patented features of Honey's products. ECF No. 30 at 3. RMN adds that PayPal "has not committed to any court that it will not offer PayPal witnesses at trial" and argues that the requested documents are relevant for cross examination purposes. *Id.* PayPal again objects primarily on the basis of relevance, relying on the same arguments discussed above. The Court is again, not persuaded, and finds that the requested information regarding the Delaware action is relevant under Rule 26(b). *See, e.g., Intel Corp. v. Prot. Capital LLC*, No. 13CV1685 GPC (NLS), 2013 WL 12313348, at *3 (S.D. Cal. Oct. 2, 2013) (granting motion to compel nonparty-investor's compliance with subpoena seeking documents regarding investor's decision to invest in the patents at issue, its analysis of the investment, and its ongoing role in the pending patent litigation, finding that "the investment and litigation information sought . . . is relevant because it relates to the valuation of the patents" which "relate to the damages [plaintiff] seeks in the underlying patent case"); *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 656 (N.D. Cal. 2004) (granting plaintiffs' motion to compel production of competitor-defendants' nonprivileged documents relating to "any prior litigation pending or threatened regarding any patents in suit" and rejecting defendants' attempt to unilaterally designate such documents as irrelevant).

**B.      Privilege**

In addition to objecting on the basis of relevance, PayPal also argues that the disputed requests seek privileged and protected communications and documents. PayPal posits that "[a]ny documents reflecting PayPal's consideration of the Delaware litigation, including potential damages claims, would have been performed by counsel, . . . and are therefore subject to a variety of privileges and protections, including attorney-client, common interest, and work product."[5]

---

[5] As to PayPal's work product claims, the Court notes that during the parties' further meet and confer exchanges, PayPal acknowledged that the Ninth Circuit "does not extend work product protection to third parties" and asserted that it "can and will seek a protective order to preclude the disclosure of [attorney work product] documents." ECF No. 30-2 at 7, 11 (citing *In re California Pub. Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) (holding that Rule 26(b)(3) "on its face, limits its protection to one who is a party . . . to the litigation in which discovery is sought" and

ECF No. 30 at 5.  RMN responds that it is not seeking to compel production of privileged documents and argues that it is premature for PayPal to request denial of discovery on privilege grounds when PayPal has not provided a privilege log or "actually attest[ed] to anything about the specific documents . . . it seeks to withhold."  *Id.* at 2.  The Court agrees.

PayPal, as the party resisting production of subpoenaed information on privilege grounds, has the burden of showing that the material withheld fits within the asserted privilege or protection.  *See* Fed. R. Civ. P. 45(e)(2); *In re Grand Jury Investigation*, 974 F.2d 1068, 1070–71 (9th Cir. 1992).  But PayPal "cannot carry this burden by mere ipse dixit assertions that the privilege applies and, instead, must provide more substantial proof of eligibility for the privilege." *Sia Chue Yang v. Schwarzenegger*, No. C 09-2306 CW (JL), 2010 WL 11587074, at *8 (N.D. Cal. May 12, 2010).  In particular, PayPal must "describe the nature of the withheld documents [or] communications . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 45(e)(2)(A).  Thus, to the extent PayPal withholds responsive materials as privileged in complying with this order, it must identify those documents and communications on a privilege log so that RMN can evaluate the applicability of the claimed privilege.  If RMN reviews the privilege log and believes some of the withheld documents are not subject to the asserted privilege, then the parties must meet and confer and, if still unable to resolve the matter informally, they can bring their dispute to the Court in a joint letter.

### III.  CONCLUSION

For the reasons discussed above, RMN's motion to compel compliance with subpoena Request Nos. 4 and 5 is granted in part and denied in part as follows:

1. RMN's motion to compel is granted to the extent that Request Nos. 4 and 5 seek nonprivileged documents and communications concerning the Delaware action, including valuations of Honey liabilities arising from the Delaware action.  Within

---

noting that the subpoenaed nonparty could seek a protective order under Rule 26(c) "[t]o the extent that disclosure causes hardship to [the nonparty]").  The Court expresses no opinion as to whether a Rule 26(c) protective order would be appropriate here since neither party raised that issue in the joint letter.

30 days from the date of this order, PayPal shall produce all nonprivileged responsive documents along with a privilege log identifying any documents it withholds.

2. RMN's motion to compel production of documents and communications concerning "any other [non-Delaware action] litigation or proceeding involving RetailMeNot," including valuations of Honey's litigation-related liabilities arising from those other actions, is denied.

**IT IS SO ORDERED.**

Dated:  June 10, 2020

ALEX G. TSE
United States Magistrate Judge